**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3080-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RONNELL HEDGESPETH, a/k/a
RONEL HARRIS,

    Defendant-Appellant.

_____

Submitted February 1, 2017 — Decided September 13, 2017

Before Judges Fuentes and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.09-
11-1928.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kimmo Z.H. Abbasi, Designated
Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Kerry J. Salkin,
Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Ronnell Hedgespeth appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

On October 27, 2009, a Hudson County grand jury returned an indictment against defendant charging him with three counts of second degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4a, three counts of second degree unlawful possession of a firearm, N.J.S.A. 2C:39-5b, second degree possession of a firearm by a person previously convicted of one of the offenses listed in N.J.S.A. 2C:39-7, fourth degree possession of hollow nose or dum-dum bullets, N.J.S.A. 2C:39-3f, fourth degree possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3j, second degree possession of a firearm while committing, attempting to commit, or conspiring to commit an illicit narcotics offense, N.J.S.A. 2C:39:4.1a, third degree possession of heroin, N.J.S.A. 2C:35-10a(1), third degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3), and third degree possession of heroin with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7.[1]

---

[1] The indictment also included one count of fourth degree possession of drug paraphernalia, N.J.S.A. 2C:36-3, and one count of fourth degree possession of a police scanner while in the course

The matter first came to trial before a jury on December 2, 2010. When the jury was unable to reach a unanimous verdict, the judge declared a mistrial on December 21, 2010. The second trial began on February 15, 2011 and continued for four more trial-days. On February 23, 2011, the jury found defendant guilty on all charges. On May 18, 2011, after merging the appropriate offenses, the trial judge sentenced defendant to three concurrent terms of ten years, with five years of parole ineligibility on the three convictions for second degree possession of a firearm for an unlawful purpose. Pursuant to N.J.S.A. 2C:43-6f, the judge also sentenced defendant to a mandatory extended term of ten years, with five years of parole ineligibility, on the conviction for third degree possession of heroin with intent to distribute within 1000 feet of school property. The judge also ordered that this term of imprisonment was to run consecutive to the term imposed for the firearm convictions. This resulted in an aggregate sentence of twenty years, with ten years of parole ineligibility.

On June 16, 2011, defendant filed a direct appeal of his conviction to this court. Defendant argued: (1) the trial court erred in denying his pretrial motion to suppress evidence found

---

of committing or attempting to commit a crime, N.J.S.A. 2C:33-22. The trial judge dismissed these two charges as a matter of law.

by the police in his apartment; (2) certain testimony elicited at trial by the State violated his confrontation rights; and (3) the state failed to sustain its burden of proof as to the weapons offenses. We rejected these arguments and affirmed defendant's conviction. State v. Ronnell Hedgespeth, Docket No. A-4964-10 (App. Div. Feb. 28, 2013). The Supreme Court denied defendant's petition for certification. State v. Hedgespeth, 216 N.J. 8 (2013). In lieu of reciting the facts developed by the parties at trial and in pretrial motion practice, we incorporate by reference the facts we described in our unpublished opinion affirming defendant's conviction. State v. Ronnell Hedgespeth, Docket No. A-4964-10 (App. Div. Feb. 28, 2013) (slip op. at 2 to 4).

On October 22, 2013, defendant filed a pro se PCR petition arguing he was denied the effective assistance of trial counsel because his attorney did not compel the State to produce at trial the confidential informant; "the police report was not in evidence for the jury;" the prosecutor spoke to one of the jurors who was part of the jury in the first trial and consequently removed "black female jurors" from being part of the jury in his second trial; and his trial attorney in the second trial was administratively suspended from the practice of law as of January 7, 2011, "for failure to comply with IOLTA requirement." Defendant argued his

trial counsel was not licensed to represent him during the trial because his right to practice law was not restored until May 17, 2011.

The court assigned counsel to represent defendant in prosecuting his PCR petition. PCR counsel filed a brief in support of defendant's request for relief and appeared before the PCR judge on October 30, 2014 to argue the matter personally. The judge reserved judgment after oral argument. On November 5, 2014, the PCR judge denied defendant's petition. The judge included a memorandum of opinion explaining the legal reasons for her decision.

Defendant now appeals raising the following arguments:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING HEDGESPETH AN EVIDENTIARY HEARING DESPITE THE FACT THAT HE DEMONSTRATED A PRIMA FACIE CASE OF THE INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.
>
>> A. Trial Counsel Was Ineligible To Practice Law At The Time Of Hedgespeth's Trial.
>>
>> B. The Identify [sic] Of The Confidential Informant Should Have Been Disclosed At Trial.
>>
>> C. Hedgespeth Was Denied The Effective Assistance Of Appellate Counsel.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must first demonstrate that defense "counsel's performance was deficient." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Second, she or he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

A court presented with a PCR petition is not obligated to conduct an evidentiary hearing. State v. Jones, 219 N.J. 298, 311 (2014). Rule 3:22-10 gives the court the discretion to conduct such a hearing only "if a defendant has presented a prima facie case in support of PCR." Ibid. Once a prima facie case has been established, the claims of ineffective assistance of counsel ordinarily require consideration of "evidence that lie[s] outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992). Here, the PCR judge correctly concluded an evidentiary hearing was not necessary because the salient facts underpinning her decision to deny defendant's petition were uncontested. We reject these

arguments and affirm substantially for the reasons expressed by Judge Mitzy Galis-Menendez in her memorandum of opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION